IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FOY BULLARD, JR., | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| LARRY KRASNER, *et al.*, | : | NO. 23-CV-2984 |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM

**PRATTER, J.**                                   OCTOBER *27*, 2023

*Pro se* plaintiff James Foy Bullard, Jr. filed a complaint alleging claims related to an arrest and prosecution that took place in February of 2019. Mr. Bullard seeks to proceed *in forma pauperis*. The Court will grant Mr. Bullard leave to proceed *in forma pauperis* and dismiss his complaint. Because some of Mr. Bullard's complaint will be dismissed without prejudice, he has an opportunity to try to cure the defects noted by the Court by filing an amended complaint.

## I.   FACTUAL ALLEGATIONS

Mr. Bullard names the following defendants in his complaint: (1) Larry Krasner, District Attorney of Philadelphia; (2) Alicia Straining, Assistant District Attorney of Philadelphia; (3) Danielle Outlaw, Philadelphia's former Police Commissioner; and Philadelphia Police Officers (4) Tony Waters, (5) Janel Craig, (6) Idris Amir, and (7) Jonathan Eves.[1]  Compl. at 1-2.  Each are named in their official and individual capacities.  *Id.* at 2.  The factual allegations in the omplaint

---

[1]      The Court adopts the pagination supplied by the CM/ECF docketing system.  Mr. Bullard also filed a "Memorandum" that contains only legal citations and arguments and states no additional facts.

are disjointed and, at times, difficult to understand, in part because Mr. Bullard rarely identifies which of the named defendants were allegedly involved in any specific action he describes. He frequently uses terms such as "all of the Defendants." *See, e.g., id.* at 3. Mr. Bullard's claims appear to arise exclusively from two February of 2019 arrests and a subsequent prosecution. *Id.* at 2.

Mr. Bullard alleges that on February 5, 2019, he got into a dispute with an individual named Huelin Kay at the salon located in the basement of 5401 Euclid Street, the building in which he lives. *Id.* After "slapping" Huelin Kay, Mr. Bullard left, but was called back to the building by Huelin Kay, and upon arriving, noticed police officers inside of his residence. *Id.* Huelin Kay identified Mr. Bullard to police, who then arrested Mr. Bullard and charged him with robbery. *Id.* at 2, 3. Mr. Bullard states that he was unable to make bail and was "sent to State Road," presumably the Philadelphia prison system facilities located there. *Id.* He states that "all of [his] criminal charges" of February 5, 2019 were dismissed on April 5, 2019.[2] *Id.* at 3. He also alleges that after these charges were dismissed, he was arrested on firearms charges. *Id.* at 11. The public record reflects that Mr. Bullard was convicted of three firearms charges and that the convictions remain pending on appeal.[3] *See Commonwealth v. Bullard*, CP-51-CR-0003341-2019 (C.P Philadelphia.).

On February 26, 2019, the day Mr. Bullard was released from custody on the robbery charge, he allegedly was denied an opportunity to contact his attorney before he left the jail. Compl. at 3. He appears to contend that, when he arrived at 5510 Pine Street in Philadelphia later

---

[2]     While he uses the plural word "charges," Mr. Bullard does not indicate whether he was charged with crimes other than robbery in connection with his February 5, 2019 arrest.

[3]     On May 8, 2019, Mr. Bullard was charged with three firearm offenses. *See Commonwealth v. Bullard*, CP-51-CR-0003341-2019 (C.P. Phila.). The arrest date for these firearms crimes is February 26, 2019. *Id.* On September 20, 2021, Mr. Bullard was adjudicated guilty of the charges. *See id.* He was sentenced on January 13, 2022. The docket reflects that an appellate decision in his case is pending.

that day, police officers were present and he was subjected to questioning by Officer Eves. (*Id.* at 3.) Public records show that Mr. Bullard was arrested that day on the firearms charges. *See Commonwealth v. Bullard*, MC-51-CR-0005477-2019 (M.C. Philadelphia). Mr. Bullard does not state whether the questioning was in connection with his robbery charges or the firearms charges or whether he was questioned before or after he was arrested.

Mr. Bullard alleges that the defendants collectively charged him with robbery to retaliate against him for filing a civil matter. (Compl. at 2-3.) Although it is not entirely clear, the civil litigation appears to involve a car accident and was brought by Mr. Bullard against two individuals not named as defendants in this case – Amirra Holmes and Joseph Gibson. (*Id.* at 2-4.) Mr. Bullard states that defendants "acted in a civil conspiracy" with each other and with the insurance companies involved in the civil litigation "to silence" Mr. Bullard "from pursuing the civil litigation," apparently because Amirra Holmes is employed by the Philadelphia prison system. (*Id.* at 3, 4.) Mr. Bullard alleges that the defendants (which defendant he does not name) "deliberately and maliciously carried out the known illegal arrest . . . on unwarranted and fabricated charges of robbery knowingly in violation of [Mr. Bullard's] state and federal constitutional rights."[4] (*Id.* at 3.) He also alleges that the defendants "knew" that the affidavit of probable cause

---

[4]     To the extent that Mr. Bullard raises claims under the Pennsylvania Constitution, such claims are dismissed because "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). In addition, Mr. Bullard states that the defendants engaged in criminal conduct. He does not cite to any specific criminal provision that he believes the defendants violated. Nevertheless, criminal statutes generally do not give rise to a basis for civil liability. *See Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *Bullock v. Bimbo Bakeries USA Inc.*, 414 F. App'x 470, 473 (3d Cir. 20110; *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Accordingly, any claims based on the defendants' alleged criminal violations will also be dismissed.

supporting his arrest warrant was "knowingly misleading" and that information within the affidavit was "fabricated." (*Id.*)

Based on these allegations, Mr. Bullard asserts constitutional claims under § 1983. He also appears to assert tort law claims. For relief, Mr. Bullard seeks money damages, a declaration from the Court that the defendants "deliberately and maliciously engaged in known tortious, criminal, and civil illegal conduct," and injunctive relief "to stop the deliberate racial and religious profiling [and] practice of discriminatory actions."[5] (*Id.* at 6.)

## II.    STANDARD OF REVIEW

The Court grants Mr. Bullard leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. However, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

---

[5]    Mr. Bullard's request for a declaration is not appropriate based on the allegations in the Complaint. This is because a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Because Mr. Bullard's request for a declaration only seeks to adjudicate past conduct, it will be dismissed.

Mr. Bullard's request for injunctive relief will also be dismissed. A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). It is not clear to the Court what conduct Mr. Bullard seeks to enjoin. He complains only about defendants' past conduct involving his 2019 arrests. Accordingly, his request for an injunction will also be dismissed.

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). Because Mr. Bullard is proceeding *pro se,* the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

Mr. Bullard brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against "state actors" in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Bullard's claims are not plausible, and for that reason, will be dismissed.

### A.    Claims Based on the February 5, 2019 Robbery Charges

Mr. Bullard asserts constitutional claims for false arrest, malicious prosecution, and retaliatory prosecution, all in connection with his February 5, 2019 arrest and subsequent prosecution for robbery.[6] Mr. Bullard alleges that the incidents supporting these claims took place between February 2019, when he was arrested, and April 2019, when he asserts the claims were ultimately dismissed. Mr. Bullard filed this case in August 2023, more than four years after the

---

[6]    In his complaint, Mr. Bullard also references several other constitutional provisions and tort law concepts. Specifically, Mr. Bullard makes passing references to race and religious discrimination, equal protection, cruel and unusual punishment, obstruction of justice, freedom of speech, negligence, and unnecessary infliction of emotional distress. To the extent that Mr. Bullard intended to assert claims based on these references, he has provided no facts to support them, and therefore has failed to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Campbell v. LVNV Funding, LLC*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (explaining that "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other" (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

As explained in the text, even if he had been clear about these claims, they would nevertheless be barred by the applicable statute of limitations. *See infra*; *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."); *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 240 (3d Cir. 2014) (affirming dismissal of equal protection claim and free speech claim as barred by the Pennsylvania two-year statute of limitations); *Jefferson v. Wolfe*, No. 04-44, 2006 WL 1947721, at *5 (W.D. Pa. July 11, 2006) (dismissing First Amendment free exercise of religion claim as time-barred by a two-year statute of limitations); *Kelly v. Carman Corp.*, 229 A.3d 634, 647 (Pa. Super. Ct. 2020) ("In Pennsylvania, a cause of action for negligence is controlled by the two-year statute of limitations." (citation omitted)); *M.R. Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 313 (Pa. Commw. Ct. 2007) (noting that a claim for intentional infliction of emotional distress in Pennsylvania is governed by a two-year statute of limitations).

events that gave rise to his claims. A complaint is subject to dismissal on statute of limitations grounds when the limitations defense is "apparent on the face of the complaint." *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Mr. Bullard's § 1983 claims are subject to a two-year statute of limitations. *Kach*, 589 F.3d at 634 (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique*, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Mr. Bullard alleges that defendants all conspired to arrest him and charge him with robbery in retaliation for a civil lawsuit he filed involving a car accident. Mr. Bullard was arrested for robbery on February 5, 2019. Accordingly, all of his § 1983 claims associated with his alleged false arrest accrued on this date. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"). However, Mr. Bullard did not file this action until August 2023, more than four years after the claims accrued. The statute of limitations therefore bars any of Mr. Bullard's claims based on the alleged false arrest for robbery. Similarly, to the extent that Mr. Bullard raises § 1983 claims based on the events of February 26, 2019 – when Officer Eves questioned Mr. Bullard and allegedly denied him an opportunity to contact an attorney – the claims are also time-barred. This lawsuit was filed over four years after those claims

accrued in late February 2019. Moreover, the facts do not support any reasonable basis for equitable tolling (*i.e.*, delaying) of the limitations statute. *See Lloyd*, 857 F. App'x at 64 ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum.").

Mr. Bullard also appears to assert claims for malicious and retaliatory prosecution based on his February 5, 2019 arrest and prosecution for robbery. Although these claims have a different accrual date, they too are barred by the two-year statute of limitations. Malicious prosecution claims brought under the Fourth Amendment and retaliatory prosecution claims brought under the First Amendment accrue once the underlying criminal proceedings have resolved in the plaintiff's favor. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989); *Lloyd*, 857 F. App'x at 64 (stating that the statute of limitations begins to run on malicious prosecution claims when "the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor" (quotation omitted)); *Yazid-Mazin v. McCormick*, No. 13-5783, 2013 WL 5758716, at *5 n.11 (D.N.J. Oct. 24, 2013) ("Section 1983 claims for malicious and retaliatory prosecution will not accrue unless and until the criminal prosecution terminates in Plaintiff's favor."). Mr. Bullard states that his robbery charges were dismissed on April 5, 2019. Therefore, any claims for malicious and retaliatory prosecution arose at least as late as this date. Mr. Bullard, however, did not file this action until August 2023 – more than four years after the claims accrued – and there is no basis for equitable tolling. Mr. Bullard's malicious and retaliatory prosecution claims based on his robbery charges are also time-barred. Accordingly, all claims related to Mr. Bullard's robbery charges are dismissed with prejudice.

8

**B.      Claims Based on February 26, 2019 Firearms Charges**

Although not entirely clear, it is possible that Mr. Bullard also hopes to raise claims based

on his arrest on firearms charges.[7]   Other than alleging that he was questioned by Officer Eves,

Mr. Bullard offers no facts about any defendants' involvement in the events giving rise to claims

based on firearms charges.[8]  In a § 1983 action, the personal involvement of each defendant in the

alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how

each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 (explaining that

"a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution").  Mr. Bullard instead refers to Defendants

collectively without describing how each was involved in the alleged violations of his rights. *See*

*Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's

collective use of the word "Defendants" failed to adequately plead which specific defendant

engaged in the specific conduct alleged by the plaintiff).

---

[7]      As noted above, the public record reflects that Mr. Bullard was arrested for firearms offenses on February 26, 2019 and charged with the crimes on May 8, 2019. *Bullard*, CP-51-CR-0003341-2019 (C.P. Phila.).  While Mr. Bullard was adjudicated guilty of the charges in September of 2021, the public docket reflects that an appellate decision in his case is currently pending. *See id.*

[8]      As noted above, any claim based exclusively on Officer Eves's questioning in February of 2019 is likely time-barred.  Because of the dearth of factual information Mr. Bullard provides about the claims based on his firearms charges, it is unclear whether this or any related claims are untimely.  It is also unclear whether any such claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"), because Mr. Bullard's firearms convictions remain valid. Accordingly, the Court will reserve judgment on these issues and address them if Mr. Bullard files an amended complaint.

Moreover, to the extent he raises any claims based on the firearms charges, Mr. Bullard fails to comply with Rule 8. He does not allege any facts surrounding his arrest and prosecution for the firearms charges including what happened, who was involved, and how he was allegedly injured. Accordingly, Mr. Bullard fails to provide fair notice of the grounds upon which the claims against any defendant rests, as required by Rule 8. *See Garrett*, 938 F.3d at 93; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at \*3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at \*3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Bullard leave to proceed *in forma pauperis* and dismiss his complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All claims based on Mr. Bullard's robbery charges are dismissed with prejudice as time-barred. All claims based on Mr. Bullard's firearms charges are dismissed without prejudice. Because the Court cannot say at this time that Mr. Bullard could never assert plausible claims against these defendants based on the firearms charges, Mr. Bullard will be permitted an opportunity to file an amended complaint to "flesh out [his] allegations by . . . explaining in [an] amended complaint the 'who, what, where, when and why' of [his] claim." *See*

*Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate order follows with additional instructions on amendment.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
